Kian Mottahedeh (SBN 247375)
John D. Sarai (SBN 259125)
**SM LAW GROUP, APC**
16130 Ventura Blvd., Suite 660
Encino, CA 91436
Tel: (818) 855-5950
Fax: (818) 855-5952
kian@smlawca.com
john@smlawca.com

Attorneys for Plaintiffs,
ARNOLDO & MARIA JARA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| ARNOLDO & MARIA JARA,<br><br>    Plaintiffs,<br>    vs.<br><br>GC SERVICES LIMITED PARTNERSHIP; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>**1. THE TELEPHONE CONSUMER PROTECTION ACT**<br>[47 U.S.C. § 227 *et seq.*]<br><br>**2. THE FAIR DEBT COLLECTION PRACTICES ACT**<br>[15 U.S.C. § 1692 *et seq.*]<br><br>**3. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br>[CAL. CIV. CODE § 1788 *et seq.*] |
|---|---|

# COMPLAINT FOR DAMAGES
## INTRODUCTION

1.     Arnoldo & Maria Jara (hereinafter "Plaintiffs") brings this action to secure redress from unlawful credit and collection practices engaged in by GC Services Limited Partnership (hereinafter "Defendant").  Plaintiffs allege violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*.  The TCPA is a federal statute that broadly regulates the use of automated telephone equipment and delegates rulemaking authority to the Federal Communications Commission ("FCC").  Among other things, the TCPA prohibits calls or texts to a consumer's cellular telephone through the use of automatic dialers without the consumer's prior express consent.  The FDCPA, a federal statute, and its California state counterpart, the RFDCPA, prohibit debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## VENUE AND JURISDICTION

2.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims arise under the laws of the United States.  Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiffs' RFDCPA claim is so related to their TCPA and FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiffs reside here, and Defendant transacts business here.

# PARTIES

4. Plaintiffs Arnoldo & Maria Jara are married individuals who reside in San Fernando, Los Angeles County, California 91340.

5. Plaintiffs are natural persons obligated or allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiffs are "persons" as defined by the TCPA, 47 U.S.C. § 153(39), "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and "debtors" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

6. Defendant GC Services Limited Partnership is a foreign limited liability company, registered under the laws of the State of Texas. Defendant's principle place of business is located at 6330 Gulfton Street, Houston, Texas 77081. Upon information and belief, Defendant's Registered Agent for Service of Process is CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Defendant regularly engages in the collection of debt by telephone in several states including, California. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by both the FDCPA, 15 U.S.C. § 1692a(6), and the RFDCPA, Cal. Civ. Code § 1788.2(c).

8. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

///

///

## FACTUAL ALLEGATIONS

9. Within one (1) year prior to the filing of this action, Defendant placed collection calls to Plaintiffs, seeking and demanding payment for an alleged debt owed.

10. The debt Defendant is attempting to collect is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. As such, it is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(f).

11. Within one (1) year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiffs at, but not limited to, Plaintiffs' cellular telephone number (818) 800-1964.

12. Upon information and belief, Defendant continuously and repeatedly called Plaintiffs on their cellular telephone number from telephone numbers: (224) 242-7012, (304) 551-0448, (517) 481-3296, (614) 681-7063, (614) 681-7065, (614) 907-9029, (626) 653-7005, (865) 761-7036, (904) 530-7088, (915) 314-7013, (915) 314-7015, and (951) 824-1646. At all times relevant, Defendant owned, operated, and/or controlled telephone numbers: (224) 242-7012, (304) 551-0448, (517) 481-3296, (614) 681-7063, (614) 681-7065, (614) 907-9029, (626) 653-7005, (865) 761-7036, (904) 530-7088, (915) 314-7013, (915) 314-7015, and (951) 824-1646.

13. Within one (1) year prior to the filing of this action, Defendant caused Plaintiffs' telephone to ring repeatedly and continuously in order to annoy Plaintiffs.

14. Within one (1) year prior to the filing of this action, Defendant communicated with Plaintiffs with such frequency as to be unreasonable under the circumstances and to constitute harassment.

15. Defendant called Plaintiffs over one hundred and seventy-six (176) times in the two (2) month period between February 7, 2017 and April 6, 2017.

16. Defendant called Plaintiffs at least fourteen (14) times in a single day. For instance and without limitation, on February 8, 2017, Defendant called Plaintiffs at 8:18 a.m., 1:08 p.m., 1:14 p.m., three (3) times at 2:29 p.m., 3:33 p.m., two (2) times at 4:32 p.m., 6:11 p.m., 6:12 p.m., 6:27 p.m., 6:40 p.m., and 6:50 p.m..

17. Defendant called Plaintiffs at least twelve (12) times in a single day. For instance and without limitation, on February 9, 2017, Defendant called Plaintiffs at 9:44 a.m., 9:45 a.m., 11:25 a.m., four (4) times at 1:06 p.m., 1:25 p.m., 2:39 p.m., 4:34 p.m., 4:56 p.m., and 6:55 p.m..

18. Defendant called Plaintiffs at least seven (7) times in a single day on at least five (5) occasions. For instance and without limitation, Defendant called Plaintiffs at least seven (7) times in a day on February 8, 2017; February 9, 2017; February 11, 2017; February 12, 2017; and February 14, 2017.

19. Defendant repeatedly called Plaintiffs multiple times within a single minute.

20. Defendant repeatedly called Plaintiffs multiple times within five (5) minutes.

21. Defendant called Plaintiffs despite Plaintiffs repeatedly requesting the calls to stop.

22. On February 14, 2017, at approximately 2:49 p.m., Defendant called Plaintiffs at their cellular telephone number (818) 800-1964 from Defendant's telephone number (614) 907-9029. Plaintiffs answered Defendant's telephone call

and spoke with a representative of Defendant. Plaintiffs requested that Defendant cease contacting Plaintiffs.

23. Subsequent to Plaintiffs' initial request on February 14, 2017, at approximately 2:49 p.m., Defendant called Plaintiffs no less than one hundred and fifteen (115) times on Plaintiffs' cellular telephone number (818) 800-1964.

24. On February 14, 2017, at approximately 4:07 p.m., Defendant again called Plaintiffs at their cellular telephone number (818) 800-1964 from Defendant's telephone number (614) 907-9029. Plaintiffs answered Defendant's telephone call and spoke with a representative of Defendant. Plaintiffs again requested that Defendant cease contacting Plaintiffs.

25. Subsequent to Plaintiffs' second request on February 14, 2017, at approximately 4:07 p.m., Defendant called Plaintiffs no less than one hundred and fourteen (114) times on Plaintiffs' cellular telephone number (818) 800-1964.

26. On February 15, 2017, at approximately 8:57 a.m., Defendant called Plaintiffs at their cellular telephone number (818) 800-1964 from Defendant's telephone number (517) 481-3296. Plaintiffs answered Defendant's telephone call and spoke with a representative of Defendant. Plaintiffs again requested that Defendant cease contacting Plaintiffs.

27. Subsequent to Plaintiffs' third request on February 15, 2017, at approximately 8:57 a.m., Defendant called Plaintiffs no less than one hundred and eleven (111) times on Plaintiffs' cellular telephone number (818) 800-1964.

28. On February 17, 2017, at approximately 10:51 a.m., Defendant called Plaintiffs at their cellular telephone number (818) 800-1964 from Defendant's telephone number (626) 653-7005. Plaintiffs answered Defendant's telephone call and spoke with a representative of Defendant. Plaintiffs again requested that Defendant cease contacting Plaintiffs.

29. Subsequent to Plaintiffs' fourth request on February 17, 2017, at approximately 10:51 a.m., Defendant called Plaintiffs no less than one hundred and six (106) times on Plaintiffs' cellular telephone number (818) 800-1964.

30. On February 27, 2017, at approximately 11:30 a.m., Defendant called Plaintiffs at their cellular telephone number (818) 800-1964 from Defendant's telephone number (614) 681-7063. Plaintiffs answered Defendant's telephone call and spoke with a representative of Defendant. Plaintiffs again requested that Defendant cease contacting Plaintiffs.

31. Subsequent to Plaintiffs' fifth request on February 27, 2017, at approximately 11:30 a.m., Defendant called Plaintiffs no less than ninety-six (96) times on Plaintiffs' cellular telephone number (818) 800-1964.

32. Each call that Plaintiffs answered from Defendant began with a beep, click, or long pause before it was answered by a live operator.

33. At all times relevant to this action, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

34. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

35. Within four (4) years prior to the filing of this action, Defendant called Plaintiffs at their cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

36. Defendant never received Plaintiffs' consent to call Plaintiffs on their cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

37. Assuming Defendant received Plaintiffs' consent to call Plaintiffs on their cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on February 14, 2017.

38. Defendant is not a tax exempt nonprofit organization.

39. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiffs repeatedly requested that Defendant cease calling Plaintiff.

40. Defendant's violation of the TCPA was knowing. Defendant's violation of the TCPA was knowing because Defendant has repeatedly been the subject of litigation due to its use of an automatic telephone dialing system.

41. Within four (4) years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiffs no less than one hundred and fifteen (115) times at their cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

42. The natural and probable consequences of Defendant's conduct were to unjustly condemn and vilify Plaintiffs for their non-payment of the debt they allegedly owed.

43. The natural and probable consequences of Defendant's conduct were to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

44. Defendant's conduct, as described above, amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

45. Defendant's conduct, as described above, was done to harass, oppress, or abuse Plaintiffs.

46. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

## FIRST CAUSE OF ACTION
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*)**

47. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four (4) years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b. Within four (4) years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

49. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and

SM LAW GROUP, APC
16130 Ventura Blvd., Suite 660
Encino, CA 91436

every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiffs are also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

51. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

   b. Defendant violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly; and

   c. Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

53. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION
### (Violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*)

54. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing the telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating with the Plaintiffs with such frequency as to be unreasonable and to constitute harassment; and

    c. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (the Fair Debt Collection Practices Act):

        i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

        ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly; and

        iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

56. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendant for:

A. An injunction prohibiting Defendant from contacting Plaintiffs on their cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

B. Actual damages pursuant to CAL. CIV. CODE § 1788.30(a);

C. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), 15 U.S.C. § 1692k(a)(2)(A) and CAL. CIV. CODE § 1788.30(b);

D. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and request five hundred dollars ($500.00) in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

E. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and requests treble damages, as provided by statute, of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and CAL. CIV. CODE § 1788.30(c);

G. Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

H. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, Arnoldo & Maria Jara, demand trial by a jury in this action.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED,<br>**SM LAW GROUP, APC** |
| DATED: June 22, 2017 | By: */s/ Kian Mottahedeh*<br>Kian Mottahedeh, Esq. (SBN 247375)<br>Attorneys for Plaintiffs,<br>ARNOLDO & MARIA JARA |